UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | Case No. 5:02-cr-20067 JF |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION TO TERMINATE SUPERVISED RELEASE** |
| MARIO ADRIANO SABATINO, | Re: Dkt. No. 147 |
| Defendant. | |

I. **INTRODUCTION**

On December 6, 2006, Judge Jeremy Fogel sentenced Defendant Mario Adriano Sabatino ("Sabatino") to a custodial term of 48 months followed by five years of supervised release for one count of Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and one count of Unlawful Carrying of a Firearm During and In Relation to a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A). See Docket Item No. 135. Sabatino was released from custody on or about June 24, 2010, and thereafter began serving the imposed term of supervised release. He is scheduled to be released from supervision on June 23, 2015.

With approximately seven months remaining, Sabatino filed the present Motion to Terminate Supervised Release. See Docket Item No. 147. The Motion, construed as a request under 18 U.S.C. § 3583(e), was referred to the undersigned as the general duty judge due to Judge Fogel's unavailability. Pursuant to this court's order, the Government has filed a response and the

1  Probation Office has provided a recommendation.  Having considered all relevant submissions and
2  documents, the court finds this matter suitable for decision without a hearing.   For the reasons
3  explained below, Sabatino's motion will be denied.

## II.     DISCUSSION

18 U.S.C. § 3583(e)(1) and (e)(2) provide, in pertinent part:

> The court may, after considering the factors set forth in section 3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) -
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;
>
> (2) extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision . . . .

"[T]he plain language of the statute indicates that the district courts have broad discretion to alter the conditions of a defendant's supervised release." United States v. Miller, 205 F.3d 1098, 1100 (9th Cir. 2000); see also United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014). "Occasionally, changed circumstances - for instance, *exceptionally* good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release - will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997) (emphasis added).  The modification or termination mechanism provided by § 3583(e) allows the court "to respond to changes in the defendant's circumstances that may render a previously imposed condition of release" no longer justified.  United States v. Gross, 307 F.3d 1043, 1044 (9th Cir. 2002).

Here, Sabatino contends that termination of supervised release is appropriate based on reasons that fall within two categories. The first category can be described as reintegration into family life. Specifically, Sabatino is now married, his family has purchased a new home, and Sabatino continues to be involved in his children's development. The second category involves his professional development. Sabatino has maintained employment at Testorff Construction Company and now runs construction jobs as a foreman. He has been so successful at the job that his boss would like to send him contractor school. This opportunity, it seems, triggered this request; Sabatino and his boss believe that the contractor licensing process "is likely to be more difficult and protracted as long as [Sabatino] remains on supervised release."

The Government opposes Sabatino's request. While it recognizes Sabatino's commendable post-incarceration accomplishments, the Government points out they do not themselves constitute the type of changed circumstances or "exceptionally good behavior" contemplated by Lussier and its progeny. See, e.g., Lussier, 104 F.3d at 36; see also Folks v. United States, 733 F. Supp. 2d 649, 651 (W.D.N.C. 2010) ("[E]ven '[m]odel prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination.'"); see also United States v. McKay, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005) (finding that defendant's resumption of his "pre-incarceration life," including the restoration of family participation, "are expected of a person on supervised release and do not constitute the 'exceptional behavior'" contemplated by § 3583(e)); see also United States v. Grossi, No. 04-40127 DLJ, 2011 U.S. Dist. LEXIS 22831, at *5-6, 2011 WL 704364 (N.D. Cal. Feb. 11, 2011) ("Mere compliance with the terms of supervised release is what is expected, and without more, is insufficient to justify early termination."). As to his desire to obtain a contractor's license, the Government notes that Sabatino did not identify any particular obstacle created by the remaining months of supervised release.

For its part, the Probation Office does not recommend early termination of supervised release for Sabatino. His probation officer reports that Sabatino violated his release terms on one

3

Case No.: 5:02-cr-20067 JF
ORDER DENYING DEFENDANT'S MOTION TO TERMINATE SUPERVISED RELEASE

occasion in 2010, but corrected the violation before it was addressed in court. Accordingly, while Sabatino has been generally compliant, his conduct on release has not been exceptional. In addition, the officer notes the seriousness of the underlying offense, Sabatino's criminal history, and the fact that supervised release is not an impediment to obtaining a contractor's license, all weigh against termination.

After considering the parties' positions in light of the § 3553 factors, the court concurs with the Government and the Probation Office that Sabatino has not demonstrated the type of circumstances justifying early termination of supervised release. Although the court certainly recognizes Sabatino's success on release and does not wish to minimize it, it is also cognizant that the type of success described by Sabatino is not extraordinary. See McKay, 352 F. Supp. 2d at 361; see also United States v. Weintraub, 371 F. Supp. 2d 164, 167 (Dist. Conn. 2005) ("Although Weintraub's ongoing and full compliance with all conditions of supervised release, including payment of the fine and restitution, is commendable, in the end that is what is required of all criminal defendants and is not a basis for early termination of his supervised release."). Indeed, this court has previously addressed accomplishments similar to Sabatino's in this context and has characterized them as "expected milestones rather than a change of circumstances rendering continued supervision no longer appropriate." United States v. Bauer, No. 5:09-cr-00980 EJD, 2012 U.S. Dist. LEXIS 52491, at *5-6, 2012 WL 1259251 (N.D. Cal. Apr. 13, 2012). Indeed, as was true with the defendant in Bauer, Sabatino "may receive additional benefit from the balance of the release term." Id. at *6.

Similarly, Sabatino has not demonstrated that supervised release will by unduly burden his professional pursuits. Although Sabatino generally indicates that continued supervision will "likely" make the contractor's licensing process "more difficult and protracted," he has not adequately explained why this might be the case. See United States v. Rasco, No. 88 Cr. 817 (CSH), 2000 U.S. Dist. LEXIS 497, at *6-7, 2000 WL 45438 (S.D.N.Y Jan. 19, 2000). Moreover, it appears that, if anything, Sabatino's criminal convictions will be the focus of any scrutiny when

1 he applies for a license.  See Cal. Code Regs., tit. 16, § 869.

2     In the end, the seriousness of Sabatino's federal offenses and his overall criminal history

3 support maintenance of the full 5-year term of supervised release. The sentence imposed was and

4 remains suitably tailored to the underlying conduct.

5 **III.  ORDER**

6     Based on the foregoing, Sabatino's Motion to Terminate Supervised Release (Docket Item

7 No. 147 ) is DENIED.  The Clerk shall file the Probation Office's Response dated November 21,

8 2014, under seal.

10     **IT IS SO ORDERED.**

11 Dated: December 3, 2014

12  

13 EDWARD J. DAVILA
United States District Judge

5

Case No.: 5:02-cr-20067 JF
ORDER DENYING DEFENDANT'S MOTION TO TERMINATE SUPERVISED RELEASE